Fr.awms X. Tucker, S.
Lillie Miller Wood died testate a resident of the County of Ulster, leaving her surviving a husband and a number of nieces and nephews. She had prepared her own will which was admitted to probate and on this judicial settlement the executor requires a construction of the following: “ I give, devise and bequeath to my husband, Chester D. Wood, *331 the use, possession, control, occupation, issues, interest and profits of all my real and personal estate for and during the term of his natural life. The custody and control by him of my personal estate is to be without bond.”
The deceased failed to provide for the remainder after the life estate to her husband.
The will appointed her. husband and Bthelbert F. Northrop coexecutors. Her husband, Chester D. Wood, did not qualify and letters were issued to Ethelbert F. Northrop, the petitioner herein.
After excluding property held jointly, a bequest to a cemetery, funeral and administrative expenses, the estate in which Chester D. Wood has a life interest is worth approximately $13,000.
By the exercise of his limited right of election under section 18 (subd. 1, par. [b]) of the Decedent Estate Law he is entitled to the sum of $2,500 in cash. He also claims $1,000 as his family exemption under subdivision 4 of section 200 of the Surrogate’s Court Act. This reduces the property in which the husband has a life estate to less than $10,000.
The executor contends that the husband is presently entitled to the entire estate by reason of a merger of his life estate with the remainder interest which passes to him under section 83 of the Decedent Estate Law.
There are eight nieces and nephews and the whereabouts of two are unknown. The special guardian argues that by virtue of section 18 (subd. 1, par. [a]) of the Decedent Estate Law the husband is limited to a maximum of one half of the estate and the remainder passes to the distributees of the decedent living at the time of the death of the husband who is the life tenant.
No issue has been raised as to the right of the husband to claim his family exemption and to take $2,500 in cash pursuant to section 18 (subd. 1, par. [b]) of the Decedent Estate Law.
The special guardian has made an issue with respect to the limitation of 50% contained in section 18 (subd. 1, par. [a]). The section in question refers to a limitation upon the amount which may be taken by a surviving spouse exercising the right of election. There is partial intestacy as to the remainder after the life estate. This interest passes to the husband by virtue of the statute and does not depend upon an election by him. (Matter of Blumenstiel, 248 App. Div. 533, to the same effect see Matter of Brunzel, 51 N. Y. S. 2d 483.)
Wherever possible the law favors vesting and no valid argument has been put forth to support the contention that the vesting of the remainder interest should be postponed until the death* of the life tenant. That portion of the decedent’s estate which *332 passes by intestacy vests in her distributees determined as of the date of her death.
By the terms of the will the surviving spouse has the use, possession, control, and income of the decedent’s property during his lifetime and there is no limitation placed upon his right to invade the principal. By virtue of the partial intestacy and section 83 of the Decedent Estate Law he is entitled to the remainder interest after the life estate. Thus, a merger is accomplished and Chester D. Wood is the absolute owner of the net estate as reflected in this accounting.